IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS LLC,<br><br>                  Plaintiff,<br>v.<br><br>CHAR-BROIL, LLC, and<br>W.C. BRADLEY CO.<br><br>                  Defendants. | **Case No. 16-cv-3389**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Weber-Stephen Products LLC complains of Defendants Char-Broil, LLC and W.C. Bradley Co. as follows:

### NATURE OF CASE

1. This Complaint includes claims for trademark infringement, trade dress infringement, unfair competition, false designation of origin, and trademark dilution arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c).

### PARTIES

2. Plaintiff Weber-Stephen Products LLC ("Weber") is a Delaware limited liability company with its principal place of business in Palatine, Illinois.

3. Defendant W.C. Bradley Co. ("W.C. Bradley") is a Georgia corporation with its principal place of business in Columbus, Georgia.

4. Defendant Char-Broil, LLC ("Char-Broil") is a Georgia limited liability company with its principal place of business in Columbus, Georgia. Char-Broil is a wholly owned subsidiary of W.C. Bradley.

5. W.C. Bradley and Char-Broil are hereinafter collectively referred to as "Defendants."

## BACKGROUND

6. Weber is a leading worldwide designer, developer and manufacturer of outdoor grills and accessories sold under the Weber® brand name. Weber's founder, George Stephen, began making and selling grills under the Weber® name in the 1950s. Since that time, Weber has developed and introduced numerous revolutionary and iconic products, such as its 3-legged kettle grill design. Today, the Weber® brand has become one of America's most recognized and trusted brands in outdoor grills.

7. Weber's distinctive 3-legged kettle grill design began with the 1956 Custom Bar-B-Q Kettle series of grills, then continued with the 1958 The Westerner series of grills, the 1969 The Custom series of grills, the 1992 Master-Touch® series of grills, the 2000 One-Touch® Gold series of grills, and finally the Original Kettle™ series of grills.

8. Weber owns and has standing to sue for infringement of United States Patent and Trademark Office ("USPTO") Reg. Nos. 1,478,530 (three-dimensional pictorial representation of kettle portion for "barbeque grills"), 1,479,505 (two-dimensional silhouette for "barbeque grills"), and 1,481,521 (three-dimensional pictorial representation of three-legged kettle grill design for "barbeque grills") (collectively, the "Weber Kettle Marks").

9. Weber also owns several trademark registrations bearing the 3-legged kettle grill design in a variety of classes of goods and services, including: USPTO Reg. Nos. 1,466,756 ("restaurant services"); 1,481,520 ("griddles and metal grids used as grills and metal grills for holding ears of corn and potatoes, being accessories for barbeque grills"); 2,540,281

2

("clothing, namely hats, t-shirts, sweatshirts, polo shirts and chef shirts"); 2,540,282 ("barbecue sauce, steak sauce, flavored cooking spices and flavored cooking rubs"); 3,834,455 ("paper napkins; printed menus; printed survey cards; printed promotional materials relating to restaurant and catering services and cooking"); 2,575,932 ("restaurant services"); 4,378,010 ("non-stick water-based cooking spray"); 4,415,012 ("Preparations for cleaning, polishing and protecting exterior and interior surfaces of barbecue grills") (collectively, the "Other Weber Marks").

10. The Weber Kettle Marks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065. Defendants are infringing upon the Weber Kettle Marks. At this time, Weber is not asserting that Defendants infringe the Other Weber Marks.

11. Together, the Weber Kettle Marks and the Other Weber Marks underscore the fact that any product or advertisement bearing the famous and distinctive Weber 3-legged kettle grill design is immediately associated by purchasers, potential purchasers and the public as being a product of, and affiliated with, Weber.

12. Defendants have used and are using in interstate commerce the products depicted below that are confusingly similar to the famous Weber Kettle Marks (the "Infringing Products"):

| Defendants' Kettleman® TRU-Infrared™ 22.5" Charcoal Grill | Weber Trademark Reg. Nos. 1,481,521 and 1,479,505 |
|---|---|



13. Defendants' unauthorized use of the Infringing Products, including in connection with the advertising and sale of grills and other cooking accessories, is likely to cause confusion, mistake, and deception as to the origin, affiliation, sponsorship, endorsement, or approval of Defendants' grills and other accessories and to impair the distinctiveness of the Weber Kettle Marks.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

15. This Court has personal jurisdiction over Defendants because, among other things, they transact business in this district at least by offering to sell, selling and advertising the Infringing Products in such a way as to purposefully reach out to customers in Illinois and this judicial district through their retail stores located in this district, as well as through their websites, thus specifically committing acts of infringement in this judicial district. Defendants have purposefully availed themselves of the privilege of conducting business with residents of this judicial district and have established sufficient minimum contacts with the State of Illinois such that they should reasonably and fairly anticipate being brought into court in Illinois.

16. Venue is proper in this district under 28 U.S.C. § 1391(b).

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## [15 U.S.C. § 1114]

17. Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

18. This Court has jurisdiction over the subject matter of this claim for trademark infringement under the Trademark Laws of the United States as codified in 15 U.S.C. § 1051 et seq.

19. Defendants' use of the Weber Kettle Marks in connection with the sale, offering for sale, distribution, and advertising of the Infringing Products in interstate commerce, without the consent of Weber, has caused and is likely to cause confusion, mistake, or deception among the consuming public, and creates the false impression that Defendants' Infringing Products are authorized, sponsored, or approved by Weber.

20. Based on Weber's decades of continuous and exclusive use, extensive advertising, sales, and the massive popularity of the 3-legged kettle grill design, the Weber Kettle Marks have acquired secondary meaning. Any product and advertisement bearing such trademarks is immediately associated by purchasers, potential purchasers and the public as being a product of, and affiliated with, Weber.

21. Weber has been directly injured by Defendants' infringing activities.

22. Defendants have copied and imitated the Weber Kettle Marks in connection with selling, distributing, and advertising Defendants' Infringing Products.

23. Defendants' conduct is intended to exploit the goodwill and reputation associated with the Weber Kettle Marks. Defendants' Infringing Products are sold in the same channels of trade to the same consumers as Weber's 3-legged kettle grill products.

24. Defendants' unauthorized use of the Weber Kettle Marks has resulted in Defendants unfairly benefiting from Weber's advertising and promotion, and profiting from

Weber's reputation and its registered trademarks, to the substantial and irreparable injury of the public, Weber, the Weber Kettle Marks, and the substantial goodwill represented thereby.

25. Defendants' aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Weber has suffered actual damages as a result of Defendants' infringement in an amount to be proven at trial. In addition, Defendants' acts have caused, and will continue to cause, great and irreparable injury to Weber, and unless such acts are restrained by this Court, Defendants will continue such acts, thereby causing Weber to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

27. Defendants' infringement has been knowing, intentional, wanton, and willful, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT II
### FEDERAL TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. § 1125(a)]

28. Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

29. This Court has jurisdiction over the subject matter of this claim for trade dress infringement, unfair competition, and false designation of origin arising under Section 43 of the Lanham Act, codified in 15 U.S.C. § 1125(a).

30. Defendants are fully aware of the popularity of the Weber 3-legged kettle grill line and the clear association of the kettle grill design with that line of products.

31. The Weber 3-legged kettle grill design obtained secondary meaning well prior to Defendants' introduction of the Infringing Products. Defendants intentionally copied and offer in interstate commerce charcoal grill products that create the same overall visual effect and appearance as Weber's famous 3-legged kettle grill line. Defendants' Infringing Products were designed to have the same distinctive overall appearance and look as the Weber 3-legged kettle grill products and are confusingly similar in total image, appearance and overall aesthetic look. As a result, the public is, and is likely to be, confused.

32. Images of the Weber 3-legged kettle grill design and Defendants' Infringing Products are shown below:

| Weber Original Kettle™ Grill | Weber Original Kettle™ Premium Grill | Defendants' Kettleman® TRU-Infrared™ 22.5" Charcoal Grill |
|---|---|---|
| | | |

| Weber Original Kettle™ Grill | Weber Original Kettle™ Premium Grill | Defendants' Kettleman® TRU-Infrared™ 22.5" Charcoal Grill |
|---|---|---|
|  |  |  |

33. Defendants have used in commerce, and continue to use in commerce, the Weber 3-legged kettle grill design to unfairly benefit from Weber's success by selling the Infringing Products bearing the same design in this jurisdiction and throughout the United States.

34. Defendants could have selected an alternative aesthetic design and achieved the same functionality as their current Infringing Products.

35. The Weber 3-legged kettle grill design is non-functional.

36. Defendants have used Weber's 3-legged kettle grill design on their Infringing Products with the express intent to pass off Defendants' Infringing Products as those of Weber and to cause confusion and mislead the purchasing public into believing that Defendants' Infringing Products are authorized, sponsored, affiliated with, or associated with Weber, and to trade upon Weber's reputation for high-quality grill products and to improperly appropriate Weber's valuable trade dress rights.

37. Sales of Defendants' Infringing Products are likely to cause consumer confusion because of the similarity in appearance and look between Defendants' and Weber's products. Consumers will believe that Defendants' Infringing Products are either manufactured, licensed, affiliated with or sponsored by Weber or are being placed on the market with Weber's consent and/or actual or implied authority. As a result, Weber has been and will continue to be irreparably injured by Defendants' improper acts.

38. Defendants have willfully, deliberately, and with predatory intent, created such confusion by copying and reproducing the distinctive and unique design and overall product appearance of Weber's 3-legged kettle grills; and have advertised and sold their Infringing Products so as to cause public confusion and deception for a substantial portion of the people who perceive the advertisements, which confusion and deception is likely to influence purchase decisions. Further, Defendants' sales and offers for sale of their Infringing Products have caused Weber the loss of its valuable goodwill and reputation for making and selling distinctive, unique and high-quality grill products under the 3-legged kettle design.

39. Defendants' aforesaid acts constitute unfair competition and the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' Infringing Products as that of Weber in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

40. Weber has expended considerable time, effort and resources to design, develop and protect the unique and distinctive appearances of its 3-legged kettle grill products. The 3-legged kettle grill design has been featured prominently in Weber's in-store, on-site and other advertisements and promotions for its charcoal grill product line. This unique trade dress has

9

become associated with the success of Weber's 3-legged kettle grill products and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public.

41. Since at least 1960, Weber's 3-legged kettle grill line has consistently incorporated the following unique design features, which individually and in combination and sub-combinations, describe the overall appearance constituting Weber's asserted trade dress in this action: 1) a generally dome-shaped kettle with a circularly-shaped vent unit located on an upper portion of the kettle; 2) three tubular legs, in a tripod arrangement, supporting the kettle and projecting downwardly and outwardly from the kettle; 3) the bases of the legs defining a triangular shape; 4) two of the legs bearing wheels, with an axle in-between; and 5) a webbed brace unit extending from the two legs bearing wheels to a third leg.

42. Defendants' selection and use of a substantially similar look and appearance for their Infringing Products is likely to mislead and confuse the public as to the source, sponsorship and affiliation of Defendants' Infringing Products. Because of the nearly-identical look of Defendants' Infringing Products to Weber's non-functional trade dress associated with Weber's 3-legged kettle grill products, the public is likely to believe that Defendants' Infringing Products are in some way affiliated or associated with, or sponsored by, Weber.

43. Weber has suffered actual damages as a result of Defendants' trade dress infringement, unfair competition, and false designation of origin in an amount to be proven at trial. In addition, Defendants' acts have caused, and will continue to cause, great and irreparable injury to Weber, and unless such acts are restrained by this Court, Defendants will continue such acts,

thereby causing Weber to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

44. Defendants' actions have been knowing, intentional, wanton, and willful, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT III
## FEDERAL TRADEMARK DILUTION
## [15 U.S.C. § 1125(c)]

45. Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

46. This Court has jurisdiction over the subject matter of this claim for trademark dilution arising under Section 43 of the Lanham Act, codified in 15 U.S.C. § 1125(c).

47. Defendants' use of the Weber Kettle Marks on their Infringing Products constitutes Defendants' commercial use in commerce of the Weber Kettle Marks.

48. Based on Weber's extensive sales, marketing and advertising of the Weber 3-legged kettle grill design and the Weber Kettle Marks, the Weber Kettle Marks have become distinctive and famous pursuant to 15 U.S.C. § 1125(c). As a result, the Weber Kettle Marks are recognized by the general consuming public as a designation of the source of Weber's goods and services.

49. The nearly identical style, look, and overall visual appearance of the Infringing Products, as well as Defendants' efforts to pass off their Infringing Products as being made, marketed, sponsored, licensed or otherwise approved by Weber, are eroding the distinctiveness of the famous Weber Kettle Marks.

11

50. Defendants' use of the Weber Kettle Marks began only after such marks became famous to the general consuming public.

51. Defendants' actions have caused dilution of the Weber Kettle Marks by lessening the capacity of the marks to identify and distinguish Weber's charcoal grills and grilling accessories.

52. Weber is threatened with injury through this dilution of its trademark rights, as well as immediate and direct injury to its name, image and business reputations.

53. Defendants have willfully intended to trade on Weber's reputation and to cause dilution of the Weber Kettle Marks.

54. Weber has suffered actual damages as a result of Defendants' acts of trademark dilution in an amount to be proven at trial. In addition, Defendants' acts have caused, and will continue to cause, great and irreparable injury to Weber, and unless such acts are restrained by this Court, Defendants will continue such acts, thereby causing Weber to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

55. Defendants' actions have been knowing, intentional, wanton, and willful, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Weber respectfully prays for the following relief:

A. That judgment be entered in favor of Weber and against Defendants on each claim made in the Complaint;

B. That the Court order that Defendants, their officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from:

1. directly or indirectly infringing the Weber Kettle Marks as described above in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise that infringes the Weber Kettle Marks including without limitation Defendants' Infringing Products, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of the Weber Kettle Marks and/or the Weber 3-legged kettle grill design or any other unauthorized goods that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of the Weber Kettle Marks;

2. using the Weber Kettle Marks and trade dress rights or marks confusingly similar thereto;

3. engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, potential purchasers, Defendants' customers, and/or members of the public to believe that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Weber, are sponsored, approved, or licensed by Weber, or are in some way connected or affiliated with Weber;

4. otherwise competing unfairly with Weber in any manner; and/or

      5. diluting and infringing the Weber Kettle Marks, eroding the distinctiveness of the Weber Kettle Marks, and damaging Weber's goodwill, reputation, and business;

    C. That Weber be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendants' unlawful acts, including Weber's loss of goodwill, loss of past and/or future sales, and damages caused by Defendants' acts of trademark and trade dress infringement, unfair competition, and trademark dilution. That Weber be awarded increased damages based upon the intentional and willful nature of Defendants' conduct of the kind complained of herein. That Weber be awarded all gains, profits and advantages received by Defendants from the sale of their Infringing Products and any other products that infringe upon Weber's trademark and trade dress rights;

    D. That Weber be awarded all additional remedies provided for in 15 U.S.C. § 1117;

    E. That Defendants be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in their possession, custody or control bearing the Weber Kettle Marks or any other similar designations;

    F. That Defendants be ordered to (a) prepare and send to their customers and the general public corrective statements approved by Weber, correcting all false statements made and all misrepresentations made concerning the Weber Kettle Marks and trade dress rights; (b) disclaim any association between Defendants and Weber and/or Weber's products; and, (c) recall and make reasonable efforts to obtain the return of any infringing or confusingly similar products from their customers; and

G. That the Court provide Weber with such other and further relief as it deems just and proper, or that Weber may be entitled to under the law, including but not limited to attorney fees, costs and interest.

## JURY DEMAND

Weber demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Matthew G. McAndrews
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 W. Madison St., Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff Weber-Stephen Products LLC*